UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ROEHL TRANSPORT, INC. and <br> GREAT WEST CASUALTY COMPANY, <br><br> Plaintiffs, <br><br> V. <br><br> NEIL KIRBY, <br><br> Defendant. | Civil No. 15-58-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion of the Defendant Neil Kirby to transfer venue to the Northern District of Illinois. [R. 8.] For the reasons stated below, Defendant's Motion to Transfer Venue will be DENIED.

**I**

Neil Kirby was an employee of Roehl Transport, Inc. [R. 8 at 1.] On May 31, 2013, Kirby was driving a tractor trailer in the Lansing, Illinois, in the course of his employment with Roehl when he was struck by another vehicle and seriously injured. [*Id*.] The driver was uninsured, and Kirby subsequently brought suit for uninsured motorists claims against Roehl and against Roehl's insurance company, Great West Casualty Company. [*Id*. at 2.] Roehl and Great West both denied that they owe Kirby such coverage and brought suit against Kirby in this present declaratory judgment action in the Eastern District of Kentucky.

Roehl is a trucking company with its place of incorporation and its principal place of business in Wisconsin. [R. 8 at 2.] The truck Kirby was driving at the time of the accident was registered and principally garaged by Roehl in Wisconsin. [*Id*.] Great West has its principal place

of business in Nebraska. [*Id.*] Defendant Kirby is a resident of Trimble County, Kentucky. [*Id.*] Kirby now seeks to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Northern District of Illinois where the accident occurred.

## II

### A

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, in analyzing such a motion, the court must consider (1) the convenience of the parties, (2) the convenience of any witnesses, (3) the interests of justice, and (4) whether the suit could have been brought in the forum to which the moving party requests a transfer. *Central States, Se. & Sw. Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F. Supp. 2d 1008, 1010 (N.D. Ohio 1998) (internal citations omitted); *see also Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2013) (affirming district's court consideration of the following factors in determining whether to transfer venue: the convenience of parties and witnesses, accessibility of evidence, availability of process to compel witness testimony, costs of obtaining witnesses, practical problems of trying the case efficiently and inexpensively, and the interest of justice). The district court has "broad discretion to determine when party convenience or the interest of justice make a transfer appropriate." *Reese*, 574 F.3d at 320 (citing 28 U.S.C. § 1404(a)) (internal quotation marks omitted).

The purpose of § 1404(a) is "to prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations and quotation marks omitted).

The party moving for transfer bears the burden of establishing that venue should be transferred by showing that the relevant factors "weigh strongly in favor of transfer." *Winnett v. Caterpillar Inc.*, 2006 WL 1722434, at *2 (June 20, 2006 M.D.Tenn.) (citing other sources); *see also Van Dusen*, 376 U.S. at 645-46) (specifying that transfer must be to a "more convenient forum" not merely one that is equally convenient); *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D.Mich. 2003) (stating the moving party must show "by a preponderance of the evidence" that "fairness and practicality strongly favor the forum to which transfer is sought") (quoting other sources). Any transfer, however, is restricted to federal districts where the action "might have been brought," thus requiring a threshold consideration of whether the action could have been brought in the court to which transfer is requested. *Van Dusen,* 376 U.S. at 616.

**B**

**1**

The parties do not dispute that venue in the Eastern District of Kentucky is proper. They do, however, appear to dispute whether venue in Illinois would be proper. In general, venue is proper in:

> "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b). Kirby contends that venue is proper in Illinois because the accident which gave rise to this litigation occurred in Lansing, Illinois. [R. 8 at 4.] Plaintiffs, however, argue that they could not have brought suit in Illinois or Wisconsin because neither of those states would have personal jurisdiction over Kirby. [R. 12 at 2, 5.] Because Kirby resides in the

Eastern District of Kentucky, Plaintiffs contend that is the only forum that has personal jurisdiction over him.

It is understandable why Plaintiffs chose Kentucky since that is where Kirby resides and there would be no question of the Court's personal jurisdiction over him. It is not as clear, however, that the Northern District of Illinois would necessarily lack jurisdiction. In particular, Plaintiffs have not shown how the provision quoted above from § 1391(b)(2) would not apply, nor have they addressed whether Kirby's driving through Illinois could arguably suffice for minimum contacts with the forum state such that it could exercise jurisdiction over him. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316–19 (1945); *Theunissen v. Matthews,* 935 F.2d 1454, 1459–50 (6th Cir.1991). Moreover, regardless of his contacts with the forum, Kirby's request to transfer venue to the Northern District of Illinois operates as a consent to personal jurisdiction. Since the 2011 amendments to 28 U.S.C. § 1404, courts may transfer venue to another court that would otherwise lack personal jurisdiction over the parties if the parties consent to such jurisdiction. *American Energy Corp. v. American Energy Partners*, 2014 WL 1908290, *2 (May 9, 2014) (citing Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, Title II, § 204, 125 Stat. 758, 764 (2011)); *see also Tritt v. Category 5 Records, LLC*, 570 F. Supp. 2d 977, 981 (M.D. Tenn. 2008) (noting that defendant consented to jurisdiction of another forum by his motion to transfer venue to that forum and therefore rejecting plaintiff's argument that said forum lacked personal jurisdiction over defendant). Therefore, Plaintiffs' concern about the Northern District of Illinois' potential lack of personal jurisdiction over Kirby is mooted by Kirby's motion, which effectively operates as a consent to such jurisdiction.

2

Next, the Court must consider whether the factors of convenience and the interests of justice strongly favor transfer of venue. *See Jamhour v. Scottsdale Ins. Co.*, 211 F.Supp.2d 941, 945 (S.D. Ohio 2002) (analyzing the other factors of Section 1404(a) after first determining that the case could have been brought in the transferee court). Kirby first contends that because the collision occurred in Illinois, any possible witnesses would likely be located in Illinois, and an Illinois court would be able to more easily compel their presence. [R. 8 at 5-6.] Additionally, Kirby argues the necessary evidence, including the truck itself and associated documents, would likely be located in Wisconsin which is much closer to Illinois than to Kentucky. [*Id*. at 6.] Kirby also contends that Illinois or Wisconsin law would play an important role in resolving the question of whether Plaintiffs must extend uninsured motorist coverage to Kirby. [*Id*.] Finally, Kirby points out that the attorneys for both parties are all located in Illinois, and that under the general "interest of justice" that fact should be considered because transferring venue to Illinois would avoid scheduling problems and additional expense. [*Id*.] Although Kirby admits his own location in Kentucky weighs against transfer, he does not think his personal presence in court would be necessary in this case, and he is also the party requesting the transfer. [*Id*.]

In response, Plaintiffs point out that this is a declaratory judgment action that seeks a declaration as a matter of law concerning whether Plaintiffs must provide uninsured motorist coverage. [R. 12 at 2, 4.] As such, Plaintiffs contend that the issue before the Court is purely a matter of law, and that no witnesses or other material evidence will be necessary for the Court to make that determination. [*Id*.] As for convenience of the parties, Plaintiffs point out that they do not find Kentucky inconvenient because they are the ones who chose that forum. [*Id*.] As for

5

the interests of justice, Plaintiffs merely repeat their concern about Illinois lacking jurisdiction over Kirby – a concern already resolved above.

On balance, the Court concludes that the factors weigh against transfer in this case. As Plaintiffs correctly point out, the convenience of witnesses and ability to compel their appearance is of little concern in a situation such as this where the Court must resolve the dispute as a matter of law. Because of the nature of declaratory judgment actions, the location of evidence such as the truck and potential witnesses is not likely to have any bearing on the outcome. Similarly, because of the nature of this suit, the likelihood that any of the parties will need to appear in court is extremely small – as Kirby himself concedes when acknowledging that the need for his presence at a court proceeding is highly unlikely. Any necessary documents and records can be filed electronically. Moreover, as Plaintiffs point out, the location of counsel is "irrelevant and improper for consideration" in determining whether to transfer venue. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003); *Floyd's 99 Holding, LLC v. Judes Barbershop, Inc.*, 2013 WL 4607370, *3 (Aug. 29, 2013). The parties are free to choose counsel located within the forum if desired, and particularly in this case, it is Kirby's choice to retain counsel located in Illinois instead of in Kentucky where he resides. While he is free to do so, the fact that he did so should not be a reason to transfer venue to Illinois.

Concerning the interest of justice, neither party has presented a strong reason to the Court to transfer venue or to retain jurisdiction. Kirby's only argument in support of this factor is his argument about the location of attorneys, which is not an appropriate consideration. Plaintiffs' only argument is about personal jurisdiction which is not a concern in this matter. The Court is hard-pressed to think of a reason why transferring venue to a location where none of the parties reside would advance the interest of justice, particularly when evidence and witnesses from that

location are not necessary.  Indeed, when the defendant is the party seeking to transfer venue to a location where he does not reside, and does not provide strong reasons for doing so, such a request can give rise to speculations of forum shopping, which is an effort that the interest of justice properly should discourage rather than enable.  *See, e.g., Central States*, 8 F. Supp. 2d at 1011 (noting that although Sixth Circuit precedent provided a more advantageous forum to an ERISA plaintiff, the factor concerning the interest of justice does not accommodate such private interests because to do so would encourage forum shopping).

## III

In conclusion, when determining whether to transfer venue, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese*, 574 F.3d at 320 (quoting *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984)).  Kirby has not shown that the balance of factors is strongly in favor of transfer.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Defendant Kirby's Motion to Transfer Venue [**R. 8**] is **DENIED.**

This the 13th day of November, 2015.

Gregory F. Van Tatenhove
United States District Judge